McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-MC-00043-KJM-DB |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $10,250.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 26, 2017, inspectors with the United States Postal Inspection Service ("USPIS") seized approximately $10,250.00 in U.S. Currency ("the defendant currency") from Joshua Patton ("Patton" or "claimant") during a parcel interdiction in Redding, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about January 12, 2018, USPIS received a claim from Patton asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on October 22, 2017, USPIS conducted a parcel interdiction in Redding, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, parcel # 9506 1143 7767 7294 1681 26. The package was addressed to Mark Spencer,

/////

1

1690 Connell Lane, Paradise, California 95969, with the following return address: Josh Patton, 901 Charles Street, Coatesville, PA 19320.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on October 26, 2017, Postal Inspectors spoke to the recipient by phone. Mr. Spencer told Inspectors the parcel contained about $15,000 and a computer hard drive. When asked why there would be USPS records showing a large number of parcels going back and forth between his address and Pennsylvania, Mr. Spencer had no explanation. He gave them consent to open the parcel. Inside the parcel was a pelican brand case with two brass padlocks, wrapped in a blue tablecloth. The locks were removed and Inspectors opened the case. A strong odor of marijuana emitted from the case. Inspectors found a sealed yellow envelope inside the case that contained a note that said, "Thank you for the loan and here's what I owe you plus 250, Love Little Ricky". Also inside the envelope, inspectors found a vacuum-sealed package that contained cash totaling $10,250.00. The currency consisted mainly of $20 bills, making up $10,240.00 of the $10,250.00 found.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, Patton specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Patton hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $5,125.00 of the Approximately $10,250.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $5,125.00 of the Approximately $10,250.00 in U.S. Currency shall be returned to claimant Joshua Patton.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED:  June 5, 2018.

UNITED STATES DISTRICT JUDGE